**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
MICHAEL T. HOUCHIN (SBN 305541)
*mike@consumersadvocates.com*
LILACH HALPERIN (SBN 323202)
*lilach@consumersadvocates.com*
651 Arroyo Drive
San Diego, CA  92103
Tel: (619) 696-9006
Fax: (619) 564-6665

**LAW OFFICE OF ROBERT L. TEEL**
ROBERT L. TEEL (SBN 127081)
*lawoffice@rlteel.com*
1425 Broadway, Mail Code: 20-6690
Seattle, Washington 98122
Tel: (866) 833-5529
Fax: (855) 609-6911

**BURSOR & FISHER, P.A.**
L Timothy Fisher (State Bar No. 191626)
Sean L. Litteral (State Bar No. 331985)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: ltfisher@bursor.com
          slitteral@bursor.com

*Attorneys for Non-Party Julie Drassinower*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD HALL, KEVIN BRANCA, and GEORGE ABDELSAYED individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>   v.<br><br>MARRIOTT INTERNATIONAL, INC., a Delaware corporation,<br><br>        Defendant. | Case No.<br><br>CLASS ACTION<br><br>**NON-PARTY JULIE DRASSINOWER'S NOTICE OF MOTION AND MOTION TO QUASH DEPOSITION SUBPOENA; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

## <u>NOTICE OF MOTION AND MOTION</u>

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to Federal Rules of Civil Procedure 45(d)(3) and 26(c), and as soon as the matter may be decided in the United States District Court for the Northern District of California located at 450 Golden Gate Avenue, San Francisco, CA 94102, Non-Party Julie Drassinower will, and hereby does, move for an order quashing a deposition subpoena that was issued to her on June 10, 2021 by Defendant Marriott International, Inc. in the out-of-district matter captioned *Todd Hall et al. v. Marriott International, Inc.*, Case No. 3:19-cv-01715-JLS-AHG (S.D. Cal.).

This motion is based on the accompanying Memorandum of Points and Authorities, the Declaration of Michael T. Houchin and Exhibits 1 through 3 attached thereto, all of the files and records in this action, and such further evidence and argument as the Court may properly receive at or prior to the hearing.

DATED: July 7, 2021                    Respectfully submitted,

*/s/ Michael T. Houchin*
MICHAEL T. HOUCHIN

**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON
*ron@consumersadvocates.com*
MICHAEL T. HOUCHIN
*mike@consumersadvocates.com*
LILACH HALPERIN
*lilach@consumersadvocates.com*
651 Arroyo Drive
San Diego, CA  92103
Tel: (619) 696-9006
Fax: (619) 564-6665


**LAW OFFICE OF ROBERT L. TEEL**
ROBERT L. TEEL (SBN 127081)
*lawoffice@rlteel.com*

1

1425 Broadway, Mail Code: 20-6690
Seattle, Washington 98122
Tel: (866) 833-5529
Fax: (855) 609-6911

**BURSOR & FISHER, P.A.**
L Timothy Fisher
Sean L. Litteral
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: ltfisher@bursor.com
         slitteral@bursor.com

*Hall v. Marriott International, Inc.*
NON-PARTY JULIE DRASSINOWER'S NOTICE OF MOTION AND MOTION TO QUASH DEPOSITION SUBPOENA

**TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................................. 1

II.     STATEMENT OF FACTS ................................................................................... 2

III.    ARGUMENT ...................................................................................................... 3

   A.   Marriott Cannot Establish Good Cause Sufficient to Pursue Discovery From Ms. Drassinower, an Absent Class Member ................................................................... 3

      1.   The Requested Deposition Testimony Is Irrelevant And Would Seek Information Already Known to Marriott ...................................................................... 5

      2.   Attending the Requested Deposition Requires the Assistance of Counsel .................. 7

      3.   Marriott's Subpoena Is Intended to Harass ................................................... 7

   B.   Alternatively, the Court Should Transfer This Subpoena Dispute to the Southern District of California ................................................................................................... 8

IV.     CONCLUSION.................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**

*Boynton v. Headwaters, Inc.*,

    2009 WL 3103161 (W.D. Tenn. Jan. 30, 2009)................................................................... 4, 7

*Brennan v. Midwestern Life Ins. Co.*,

    450 F.2d 999 (7th Cir.1971)................................................................................................ 4

*Chevron Corp. v. Donziger*,

    2013 WL 4536808 (N.D. Cal. Aug. 22, 2013).................................................................... 3

*Clark v. Universal Builders, Inc.*,

    501 F.2d 324 (7th Cir. 1974)....................................................................................... 4, 5, 7

*Costco Wholesale Corp. v. Crane*,

    2016 WL 5394115 (N.D. Cal. Sept. 27, 2016).................................................................... 9

*Crawford-El v. Britton*,

    523 U.S. 574, 598 (1998) .................................................................................................... 3

*Fischer v. Wolfinbarger*,

    55 F.R.D. 129 (W.D.Ky.1971)........................................................................................... 8

*Groth v. Robert Bosch Corp.*,

    2008 WL 2704709 (W.D. Mich. July 9, 2008) ............................................................. 4, 7

*Guido v. L'Oreal, USA, Inc.*,

    284 F.R.D. 468 (C.D. Cal. 2012) ....................................................................................... 5

*Holman v. Experian Info. Sols., Inc.*,

    2012 WL 2568202 (N.D. Cal. July 2, 2012) ............................................................. 4, 5, 6

*In re Steroid Hormone Prod. Cases*,

    181 Cal. App. 4th 145 (2010).............................................................................................. 5

*In re Worlds of Wonder Sec. Litig.*,

    1992 WL 330411 (N.D. Cal. July 9, 1992) ............................................................... 4, 5, 6

*McPhail v. First Command Fin. Planning, Inc.*,

    251 F.R.D. 514 (S.D. Cal. 2008)............................................................................... 4, 6, 7

*Hall v. Marriott International, Inc.*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF NON-PARTY JULIE DRASSINOWER'S
MOTION TO QUASH DEPOSITION SUBPOENA

*Moon Mountain Farms, LLC v. Rural Cmty. Ins. Co.*,

   301 F.R.D. 426 (N.D. Cal. 2014) ................................................................................ 9

*Moore v. Johnson*,

   303 F.R.D. 105 (D.D.C. 2014) .................................................................................. 4

*On the House Syndication, Inc. v. Fed. Exp. Corp.*,

   203 F.R.D. 452 (S.D. Cal. 2001) ..................................................................... 4, 5, 6, 7

*Phillips Petroleum Co. v. Shutts*,

   472 U.S. 797 (1985) ................................................................................................ 8

*Stearns v. Ticketmaster Corp.*,

   655 F.3d 1013 (9th Cir. 2011) ................................................................................. 5

*Tait v. BSH Home Appliances Corp.*,

   289 F.R.D. 466 (C.D. Cal. 2012) ............................................................................ 6

*Van Gemert v. Boeing Co.*,

   590 F.2d 433 (2d Cir.1978) ..................................................................................... 7

*Williams v. Gerber Products Co.*,

   552 F.3d 934 (9th Cir. 2008) .................................................................................. 5

*Youtoo Techs., LLC v. Twitter, Inc.*,

   2017 WL 431751 (N.D. Cal. Feb. 1, 2017) .............................................................. 9

**Statutes**

Cal. Bus. & Prof. Code §§ 17200 .................................................................................. 5

Cal. Bus. & Prof. Code §§ 17500 .................................................................................. 5

**Rules**

Fed. R. Civ. P. 1 ........................................................................................................... 3

Fed. R. Civ. P. 26 ......................................................................................................... 3

Fed. R. Civ. P. 26(b)(2)(C) .......................................................................................... 3

Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii) ............................................................................... 3

Fed. R. Civ. P. 45(d)(1) ................................................................................................ 3

Fed. R. Civ. P. 45(d)(3)(iv) .......................................................................................... 3

*Hall v. Marriott International, Inc.*
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF NON-PARTY JULIE DRASSINOWER'S
MOTION TO QUASH DEPOSITION SUBPOENA

Fed. R. Civ. P. 45(f) ............................................................................................................ 8

## STATEMENT OF RELIEF REQUESTED

Pursuant to Federal Rules of Civil Procedure 45(d)(3) and 26(c), Non-Party Julie Drassinower requests that the Court quash the deposition subpoena that was issued to Ms. Drassinower by Defendant Marriott International, Inc. in the out-of-district matter captioned *Todd Hall et al. v. Marriott International, Inc.*, Case No. 3:19-cv-01715-JLS-AHG (S.D. Cal.). Alternatively, pursuant to Federal Rule of Civil Procedure 45(f), Ms. Drassinower requests that the Court transfer this instant motion to the United States District Court for the Southern District of California so that the matter may be considered by the court overseeing the underlying action.

## STATEMENT OF ISSUES TO BE DECIDED

1.      Whether this Court should quash a deposition subpoena that was issued to absent class member Julie Drassinower?

2.      Whether this Court should transfer the instant motion to the United States District Court for the Southern District of California so that the matter may be considered by the court overseeing the underlying action?

## I.    **INTRODUCTION**

The deposition subpoena that is subject to this dispute was issued in the matter of *Todd Hall et al. v. Marriott International, Inc.*, Case No. 3:19-cv-01715-JLS-AHG ("*Hall* Action") that is pending in the United States District Court for the Southern District of California.[1] The *Hall* Action is brought on behalf of a putative class of consumers who allege that Defendant Marriott International, Inc. ("Marriott") engages in false and deceptive advertising in the way that it represents the prices for its hotel rooms, services, and amenities. Whether Marriott's misrepresentations violate California's consumer protection laws and constitute actionable fraud will be determined by reference to objective legal standards and common sources of proof.

Marriott nevertheless demands irrelevant deposition testimony from a single absent class member, Julie Drassinower. Ms. Drassinower briefly served as a named Plaintiff in the *Hall* Action before she withdrew on May 27, 2021 when the *Hall* Plaintiffs filed their operative Consolidated Third Amended Class Action Complaint ("TAC").[2] Permitting the requested absent class member discovery here, and requiring Ms. Drassinower to devote significant time and effort to testifying at a deposition, would constitute an undue burden on Ms. Drassinower and would elicit only irrelevant testimony that bears on no issues in the underlying *Hall* Action.

Moreover, courts rarely permit discovery of absent class members, and leave is granted only where a defendant meets the heavy burden of establishing the necessity of the sought-after information. Marriott cannot meet that burden here. The circumstances surrounding the booking of Marriott hotel rooms by hundreds of thousands of absent Class members—and particularly those of a single absent Class member—are not discoverable. Devoid of any proper motive, Marriott's subpoena appears to be nothing more than a seriously belated tactic to explore the reasons underlying Ms. Drassinower's withdrawal as a named plaintiff, facts that have no bearing on this litigation or the *Hall* Plaintiffs' forthcoming motion for class certification.

---

[1] A copy of the deposition subpoena is attached as Exhibit 1 to the concurrently filed Declaration of Michael T. Houchin in Support of Non-Party Julie Drassinower's Motion to Quash Deposition Subpoena ("Houchin Decl.").

[2] A copy of the *Hall* Plaintiffs' TAC is attached as Exhibit 2 to the concurrently filed Houchin Declaration.

1

Furthermore, even if Marriott limited the subpoena to facts involving Ms. Drassinower's reservations of Marriott hotel rooms, there is no basis to single her out among all absent class members, dozens of which have made complaints and inquires to Marriott concerning the deceptive nature of its resort fees and pricing practices. Marriott cannot establish the good cause required to pursue this discovery, and Ms. Drassinower respectfully requests that the Court grant her Motion to Quash.

## II.    STATEMENT OF FACTS

Plaintiff Todd Hall commenced the underlying action on September 9, 2019. *Hall* Action at Dkt. No. 1.  On November 22, 2019, Plaintiff Todd Hall filed a First Amended Complaint. *Hall* Action at Dkt. No. 15.  Marriott moved to dismiss the First Amended Complaint (*Hall* Action at Dkt. No. 18) and, on August 14, 2020, the Court denied Marriott's Motion to Dismiss in its entirety. *Hall* Action at Dkt. No. 31.

On January 11, 2021, a Second Amended Complaint was filed in the *Hall* Action that added Julie Drassinower, Kevin Branca, and Jesse Heineken as named plaintiffs in addition to Todd Hall. *Hall* Action at Dkt. No. 54.  On March 5, 2021, a related class action titled *Abdelsayed et al v. Marriott International, Inc.*, Case No. 3:21-cv-00402-JLS-AHG ("*Abdelsayed* Action") was filed by plaintiffs George Abdelsayed and Frank Ciglar. On March 23, 2021, the plaintiffs in the *Hall* Action and the plaintiffs in the *Abdelsayed* Action moved to consolidate the cases. *Hall* Action, Dkt. No. 72. On April 27, 2021, the Court granted the Motion to Consolidate Cases, designated the *Hall* Action as the lead action, and ordered that a consolidated amended complaint be filed. *Hall* Action at Dkt. No. 82.

On May 27, 2021, the *Hall* Plaintiffs filed a Consolidated Third Amended Complaint naming Todd Hall, Kevin Branca, and George Abdelsayed as the named plaintiffs and proposed class representatives. *Hall* Action at Dkt. No. 82. Accordingly, Ms. Julie Drassinower withdrew as a named plaintiff and is currently an absent class member.

Despite Ms. Drassinower's withdrawal as a named plaintiff, Marriott issued a deposition subpoena to Ms. Drassinower on June 10, 2021. Houchin Decl., 2 ¶ & Ex. 1. The deposition is noticed for July 19, 2021 in San Francisco, California. *Id.*  On June 16, 2021, counsel for Ms.

*Hall v. Marriott International, Inc.*
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF NON-PARTY JULIE DRASSINOWER'S
MOTION TO QUASH DEPOSITION SUBPOENA

Drassinower and counsel for Marriott met and conferred about the subpoena at issue, but were unable to resolve their differences. Houchin Decl., ¶ 5. Accordingly, Ms. Drassinower now moves to quash the deposition subpoena.

### III. ARGUMENT

**A. Marriott Cannot Establish Good Cause Sufficient to Pursue Discovery From Ms. Drassinower, an Absent Class Member**

The Federal Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Rule 26 vests the district courts with broad discretion to tailor discovery. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

Under Rule 26(b), district courts are required, upon motion or on their own, to limit the frequency or extent of discovery, when: (1) "the discovery sought is unreasonably cumulative or duplicative; (2) the discovery "can be obtained from some other source that is more convenient, less burdensome, or less expensive;" (3) "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action;" or (4) "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

Rule 45 imposes far greater restrictions on discovery directed to third parties: "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). "The court must limit the discovery sought if it is unreasonably duplicative, if it can be obtained from a source that is more convenient or less burdensome, or if the burden of producing it outweighs its likely benefit." *Chevron Corp. v. Donziger*, No. 12-MC-80237 CRB (NC), 2013 WL 4536808, at *4 (N.D. Cal. Aug. 22, 2013) (citing Fed. R. Civ. P. 26(b)(2)(C)). "On timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . .subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(iv).

Discovery from absent class members is particularly disfavored. *See Brennan v. Midwestern Life Ins. Co.*, 450 F.2d 999, 1005 (7th Cir.1971); *On the House Syndication, Inc. v. Fed. Exp. Corp.*, 203 F.R.D. 452, 455 (S.D. Cal. 2001); *In re Worlds of Wonder Sec. Litig.*, No. C-87-5491 SC (FSL), 1992 WL 330411, at *2 (N.D. Cal. July 9, 1992). A defendant must receive leave of court to conduct such discovery. *Clark v. Universal Builders, Inc.*, 501 F.2d 324, 340 (7th Cir. 1974). Further, the discovering party bears the added "burden of demonstrating the meritorious nature of their request" through a showing of "necessity and absence of any motive to take undue advantage of the class members." *Clark*, 501 F.2d at 341; *see also Holman v. Experian Info. Sols., Inc.*, No. C 11-00180 CW DMR, 2012 WL 2568202, at *3-4 (N.D. Cal. July 2, 2012); *McPhail v. First Command Fin. Planning, Inc.*, 251 F.R.D. 514, 517 (S.D. Cal. 2008); *Moore v. Johnson*, 303 F.R.D. 105, 108-09 (D.D.C. 2014); *Boynton v. Headwaters, Inc.*, No. 1-02-1111-JPM-EGB, 2009 WL 3103161, at *1 (W.D. Tenn. Jan. 30, 2009); *Groth v. Robert Bosch Corp.*, No. 1:07-CV-962, 2008 WL 2704709, at *1 (W.D. Mich. July 9, 2008).

These principles reflect the well-established policy that "[d]iscovery of absent class members, while not forbidden, is rarely permitted due to the facts that absent class members are not 'parties' to the action, and that to permit extensive discovery would defeat the purpose of class actions which is to prevent massive joiner of small claims." *Holman*, 2012 WL 2568202, at *3 (citation omitted). *See On the House Syndication*, 203 F.R.D. at 456 ("One of the principle advantages of class actions over massive joinder or consolidation would be lost if all class members were routinely subjected to discovery"). And "[b]ecause of the intrusive nature of depositions, 'the burden confronting the party see[k]ing deposition testimony should be more severe than that imposed on the party requesting permission to use interrogatories.'" *Groth*, 2008 WL 2704709, at *1 (quoting *Clark*, 501 F.2d at 341).

District courts have permitted discovery of absent class members only "where the proponent of the discovery establishes that: (1) the discovery is not designed to take undue advantage of class members or to reduce the size of the class, (2) the discovery is necessary, (3) responding to the discovery requests would not require the assistance of counsel, and (4) the discovery seeks information that is not already known by the proponent." *McPhail*, 251 F.R.D. at

*Hall v. Marriott International, Inc.*
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF NON-PARTY JULIE DRASSINOWER'S
MOTION TO QUASH DEPOSITION SUBPOENA

517 (citing *Clark*, 501 F.2d at 340-42); *Holman*, 2012 WL 2568202, at \*3.

Ms. Drassinower is an absent Class member whose testimony is not relevant to the common issues central to this case. Marriott's stated reasons for serving a subpoena on Ms. Drassinower are likely pretext for exploring irrelevant issues, including her reasons for withdrawing as a named plaintiff. The requested deposition—which would require the assistance of counsel—thus serves no purpose but to harass Ms. Drassinower.   Accordingly, Marriott cannot establish the good cause required to pursue this course, and the Court should grant Ms. Drassinower's motion.

### 1.     The Requested Deposition Testimony Is Irrelevant And Would Seek Information Already Known to Marriott

Marriott cannot make a showing sufficient to warrant discovery from absent class members generally, let alone the single absent Class member it has targeted. *See, e.g., On the House Syndication, Inc.*, 203 F.R.D. at 457; *Holman*, 2012 WL 2568202, at \*4-5; *In re Worlds of Wonder Sec. Litig.*, 1992 WL 330411, at \*4-5.

As a threshold matter, Ms. Drassinower's testimony will not inform the Court's ruling on class certification because the *Hall* Plaintiffs' causes of action implicate only objective standards that negate consideration of individual issues. For instance, in order to prove their claims under the "fraudulent" prong of California's Unfair Competition (Cal. Bus. & Prof. Code §§ 17200, *et seq.*) and California's False Advertising Law (Cal. Bus. & Prof. Code §§ 17500, *et seq.*), Plaintiffs must show that "members of the public are likely be deceived" by Marriott's misrepresentations, an objective test subject to common proof. *Williams v. Gerber Products Co.*, 552 F.3d 934, 938 (9th Cir. 2008). For class members, relief "is available without individualized proof of deception, reliance and injury." *Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1020 (9th Cir. 2011); *Guido v. L'Oreal, USA, Inc.*, 284 F.R.D. 468, 482 (C.D. Cal. 2012). Similarly, while reliance is an element of the CLRA and common law fraud claims, it may be inferred as to the entire class if the representations were objectively material. *See In re Steroid Hormone Prod. Cases*, 181 Cal. App. 4th 145, 157 (2010). Ms. Drassinower's testimony is incapable of producing "useful evidence" relating to these issues. *In re Worlds of Wonder Sec. Litig.*, 1992

WL 330411, at *4-5 (granting motion for protective order because "the hypothetical 'reasonable investor' is the yardstick used to measure materiality . . . [and] defendants are not seeking discovery from a hypothetical reasonable investor.").

Whether Marriott made material misstatements that harmed Class members—the factual issues at the heart of this action—likewise implicate common (rather than individual) sources of proof. *Tait v. BSH Home Appliances Corp.*, 289 F.R.D. 466, 480 (C.D. Cal. 2012) (The objective tests for deception and materiality "renders claims under the UCL, FAL, and CLRA ideal for class certification because they will not require the court to investigate class members' 'individual interaction with the product.'"). As a result, the factual circumstances surrounding Ms. Drassinower's reservations of Marriott hotel rooms are irrelevant to the instant proceedings. *See On the House Syndication*, 203 F.R.D. at 456 ("The information sought has not been shown to be relevant to common questions nor to be necessary for the resolution at trial."). And to the extent Marriott seeks information concerning the damages Ms. Drassinower has suffered, "the most appropriate time to gather any information from individual class members is generally after a determination on liability and before the payment of individual claims[.]" 203 F.R.D. at 458. *See also Holman*, 2012 WL 2568202, at *3-4 (denying leave to propound questionnaire on absent class members because "proposed questionnaire is aimed at individual questions, which are more properly adjudicated after the common questions have been determined.") (quotations and citations omitted); *McPhail*, 251 F.R.D. at 519 (same).

Nor is Ms. Drassinower's testimony *necessary*. Ms. Drassinower has already answered interrogatories and has produced documents relating to her reservations at Marriott hotels. Marriott also presumably has in its possession documents and information relating to: Ms. Drassinower's Marriott hotel stays and Ms. Drassinower's communication with Marriott, if any. Marriott does not *need* discovery from an absent Class member when it already has that very information at its disposal. *Holman*, 2012 WL 2568202, at *5 ("Experian has not met its burden of demonstrating that the information is not readily obtainable from other sources . . . towing records may well provide significant amounts of the information that Experian seeks."); *McPhail*, 251 F.R.D. at 519 ("Defendants already possess information (through their sales

6

*Hall v. Marriott International, Inc.*
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF NON-PARTY JULIE DRASSINOWER'S
MOTION TO QUASH DEPOSITION SUBPOENA

representatives, district managers and officers) concerning the alleged uniformity of the script . . . with which to attempt to rebut the presumption of reliance on a class-wide basis.").

Marriott simply cannot establish a "particularized need to justify" its request for Ms. Drassinower's testimony sufficient to outweigh the burden the requested discovery would impose. *Groth*, 2008 WL 2704709, at *1 (issuing protective order prohibiting depositions of absent class members).

### 2. *Attending the Requested Deposition Requires the Assistance of Counsel*

Marriott cannot credibly argue that Ms. Drassinower will not require counsel's assistance in order to appear at her deposition. There is no question that appearing under oath for a deposition requires the assistance of legal counsel. *See, e.g., Boynton*, 2009 WL 3103161, at *2. Courts have even found that merely responding to document requests requires the assistance of counsel:

> [I]n order to properly respond to Defendants' discovery, each absent class member "would need to confer with Class Counsel to understand the purpose of the request, the penalty for not filing a response, the need to discuss all relevant information, the need to refresh their recollection with documentation, the need to understand the context of the request in light of the allegations of the complaint and the reason the Defendants are making the request." This is not "coaching" the class members, as Defendants contend, but rather is wholly consistent with Class Counsels' obligations in representing the absent class members.

*McPhail*, 251 F.R.D. at 518 (citing *Van Gemert v. Boeing Co.*, 590 F.2d 433, 440 n. 15 (2d Cir.1978)) (internal citations omitted). Accordingly, Marriott "must meet a more severe burden" in showing why this discovery is needed. *Boynton*, 2009 WL 3103161, at *2 (citing *Clark*, 501 F.2d at 341). Because Marriott cannot make the required showing, *see* Sec. A(1), *supra*, the subpoena directed to Ms. Drassinower should be quashed.

### 3. *Marriott's Subpoena Is Intended to Harass*

As detailed above, Marriott has failed to establish that the requested discovery is at all *necessary*, let alone prior to class certification. Consequently, the deposition subpoena serves only to harass and burden an absent Class member, motives at odds with the policies undergirding Rule 23. *See On the House Syndication*, 203 F.R.D. at 456 ("One of the principle

advantages of class actions over massive joinder or consolidation would be lost if all class members were routinely subjected to discovery"); *Fischer v. Wolfinbarger*, 55 F.R.D. 129, 132 (W.D.Ky.1971) ("It is not intended that members of the class should be treated as if they were parties plaintiff, subject to the normal discovery procedures, because if that were permitted, then the reason [behind Rule 23(a)(1) of the Federal Rules of Civil Procedure] would fail."); *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810 (1985) ("[A]n absent class-action plaintiff is not required to do anything.").

### B.    Alternatively, the Court Should Transfer This Subpoena Dispute to the Southern District of California

Federal Rule of Civil Procedure 45(f) provides that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). Ms. Drassinower consents to having this motion transferred to the Southern District of California and exceptional circumstances are also present here. As the Advisory Committee Notes explain:

> If the person subject to the subpoena consents to transfer, Rule 45(f) provides that the court where compliance is required may do so.

> In the absence of consent, the court may transfer in exceptional circumstances, and the proponent of transfer bears the burden of showing that such circumstances are present. The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion. Judges in compliance districts may find it helpful to consult with the judge in the issuing court presiding over the underlying case while addressing subpoena-related motions.

*See* Fed. R. Civ. P. 45 Advisory Committee Notes, 2013 Amendment, Subdivision (f).

Here, Ms. Drassinower consents to transfer and exceptional circumstances also warrant transfer. *Youtoo Techs., LLC v. Twitter, Inc.*, No. 17-MC-80006-JSC, 2017 WL 431751, at *2

(N.D. Cal. Feb. 1, 2017) (transferring subpoena related motion where the person subject to the subpoena consented to transfer). The United States District Court for the Southern District of California is more familiar with this action and has previously ruled on numerous discovery disputes. For example, on May 12, 2021, Magistrate Judge Goddard of the Southern District of California issued a detailed 71-page discovery order in this action. Houchin Decl., ¶ 4 & Ex. 3. It cannot be disputed that Judge Goddard has in-depth knowledge of this issues presented by this motion and the parties' prior discovery disputes. Accordingly, exceptional circumstances are present warranting transfer. *See Moon Mountain Farms, LLC v. Rural Cmty. Ins. Co.*, 301 F.R.D. 426, 430 (N.D. Cal. 2014) (finding exceptional circumstances where "[r]uling on the motion to compel would require the Court to duplicate review already conducted by the District of Arizona."); *Costco Wholesale Corp. v. Crane*, No. 16-MC-80189-JSC, 2016 WL 5394115, at *3 (N.D. Cal. Sept. 27, 2016) ("the Court finds that any costs…imposed by a transfer to the Southern District of California are outweighed by the importance of consistent management of the underlying litigation and judicial economy."). For these reasons, the Court should transfer this Motion to the Southern District of California.

## IV.    CONCLUSION

For the reasons set forth above, the Court should quash the deposition subpoena that was issued to Ms. Drassinower. Alternatively, this Court should transfer this subpoena-related motion to the United States District Court for the Southern District of California.

DATED: July 7, 2021                              Respectfully submitted,

                                                 */s/ Michael T. Houchin*
                                                 MICHAEL T. HOUCHIN

                                                 **LAW OFFICES OF RONALD A. MARRON**
                                                 RONALD A. MARRON
                                                 *ron@consumersadvocates.com*
                                                 MICHAEL T. HOUCHIN
                                                 *mike@consumersadvocates.com*
                                                 LILACH HALPERIN
                                                 *lilach@consumersadvocates.com*

9

651 Arroyo Drive
San Diego, CA  92103
Tel: (619) 696-9006
Fax: (619) 564-6665


**LAW OFFICE OF ROBERT L. TEEL**
ROBERT L. TEEL (SBN 127081)
*lawoffice@rlteel.com*
1425 Broadway, Mail Code: 20-6690
Seattle, Washington 98122
Tel: (866) 833-5529
Fax: (855) 609-6911


**BURSOR & FISHER, P.A.**
L Timothy Fisher
Sean L. Litteral
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: ltfisher@bursor.com
          slitteral@bursor.com
*Attorneys for Non-Party Julie Drassinower*

10