UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TODD HALL,

                    Plaintiff,

          v.

MARRIOTT INTERNATIONAL INC,

                    Defendant.

Case No. 21-mc-80165-TSH

**ORDER RE: MOTION TO TRANSFER OR QUASH SUBPOENA**

Re: Dkt. No. 1

## I.    INTRODUCTION

This dispute arises out of a Rule 45 subpoena Defendant Marriott International, Inc. issued to non-party Julie Drassinower in a putative class action pending in the United States District Court for the Southern District of California captioned *Todd Hall et al. v. Marriott International, Inc.*, Case No. 3:19-cv-01715-JLS-AHG ("*Hall* Action"). Drassinower moves for an order either quashing the subpoena or transferring her motion to the Southern District. ECF No. 1. Marriott opposes the motion to quash but is silent as to the motion to transfer. ECF No. 3. The Court finds this motion suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons set forth below, the Court **GRANTS** Drassinower's motion to transfer.

## II.    BACKGROUND

The *Hall* Action is brought on behalf of a putative class of consumers who allege Marriott engages in false and deceptive advertising in the way that it represents the prices for its hotel rooms, services, and amenities. Third Am. Compl., ECF No. 1-3. Drassinower served as a named plaintiff in the *Hall* Action before she withdrew on May 27, 2021, when the plaintiffs filed their operative Consolidated Third Amended Class Action Complaint. *Id.*; Mot. at 2. Marriott issued a deposition subpoena to Drassinower on June 10, 2021, with the deposition noticed for July 19,

1    2021 in San Francisco, California.  Houchin Decl. ¶ 2 & Ex. 1.

2          Drassinower argues that permitting the requested discovery would (1) require her to devote

3    significant time and effort to testifying at a deposition, (2) constitute an undue burden on her as an

4    absent class member, and (3) elicit irrelevant testimony that bears on no issues in the underlying

5    *Hall* Action.  Mot. at 1.  She argues the circumstances surrounding the booking of Marriott hotel

6    rooms by absent class members—and particularly those of a single absent Class member—are not

7    discoverable, and that Marriott's subpoena "appears to be nothing more than a seriously belated

8    tactic to explore the reasons underlying Ms. Drassinower's withdrawal as a named plaintiff, facts

9    that have no bearing on this litigation or the *Hall* Plaintiffs' forthcoming motion for class

10   certification."  *Id.*  In the alternative to this Court resolving her motion to quash, Drassinower

11   consents to having her motion transferred to the Southern District of California under Rule 45(f).

12   *Id.* at 8.

13                                  **III.   DISCUSSION**

14         Federal Rule of Civil Procedure Rule 45(f) provides that "[w]hen the court where

15   compliance is required did not issue the subpoena, it may transfer a motion under this rule to the

16   issuing court if the person subject to the subpoena consents or if the court finds exceptional

17   circumstances."  This Court did not issue the subpoena; the Southern District of California did.

18   Houchin Decl., Ex. 1, ECF No. 1-2.  Thus, the Court may transfer the motion to quash (1) "if the

19   person subject to the subpoena consents" or (2) if there are "exceptional circumstances."  Fed. R.

20   Civ. P. 45(f).  Ultimately, whether to transfer a subpoena-related motion is committed to the

21   discretion of the court where compliance is required.  *See Moon Mountain Farms, LLC v. Rural*

22   *Cmty. Ins. Co.*, 301 F.R.D. 426, 429 (N.D. Cal. 2014).  If the compliance court transfers the

23   subpoena dispute to the issuing court, the matter may be transferred back to the compliance court

24   for enforcement.  *See* Fed. R. Civ. P. 45(f).

25         Here, Drassinower is the "person subject to the subpoena" and not only does she consent to

26   the transfer, she actually requests it.  *See Moon Mountain Farms*, 301 F.R.D. at 430 (analyzing

27   burdens placed on nonparty subpoena recipient because such burden should be "the primary focus

28   in determining whether transfer is appropriate"); Further, "Rule 45(f) nowhere contemplates that

United States District Court
Northern District of California

2

parties seeking a subpoena can or would object to transfer back to the court where they originally

filed suit, since they had presumably chosen their preferred jurisdiction in the first instance."

*Mirza v. Yelp, Inc.*, 2021 WL 2939922, at *3 (N.D. Cal. July 13, 2021) (noting that Rule 45's

"silence on objections by issuing parties makes sense, too, given its primary purpose to protect

nonparties, i.e., to minimize the impact on nonparties of responding to subpoenas in distant

courts."). Thus, under Rule 45's plain language, this court (the compliance court) may transfer

Marriott's motion to the court hearing the underlying case. *See id.* ("Hence, Rule 45(f) presents

no bar whatsoever to the return of the matter to the issuing court where the Subpoenaing Parties

object to the transfer and the nonparties subject to the subpoena consent to the transfer – or, as

here, when the nonparty proactively seeks that transfer."); *Youtoo Techs., LLC v. Twitter, Inc.*,

2017 WL 431751, at *2 (N.D. Cal. Feb. 1, 2017) ("There are few cases involving Rule 45(f)

transfer requests made by the responding party, presumably because where the third party consents

to transfer, the subpoenaing party agrees; after all, that is where the underlying action is pending

and where the court is already familiar with the case."); *St. Clair Cty., Ill v. Trinity Highway

Indus.*, 2016 WL 5346943, at *1 (D. Mass. Sept. 23, 2016) ("Here, [third-party respondent]

consents to the transfer. The motion to quash argues in part that some of the discovery sought is

irrelevant. The court in the underlying action, which is already familiar with the issues in this

case[,] would be better suited to hear the motion to quash."); *San Juan Cable LLC v. DISH

Network LLC*, 2015 WL 500631, at *1 (D. Colo. Jan. 23, 2015) (noting that the responding party

"has not only consented but has affirmatively requested transfer" so the court "need not consider

whether the case presents 'exceptional circumstances'" and instead "it is enough to note that the

requested transfer does not appear to be frivolous or made in bad faith")).

Under these circumstances, Rule 45(f) presents no bar to transfer the motion to enforce

compliance back to the issuing court, and Drassinower's proactive consent to the transfer provides

sufficient grounds for this Court to grant her motion to transfer.

### IV.    CONCLUSION

For the reasons stated above, the Court **GRANTS** Drassinower's request to transfer her

motion to quash. The Clerk of Court is directed to transfer this case to the Southern District of

United States District Court
Northern District of California

California for consideration of Drassinower's motion to quash in the pending matter of *Todd Hall et al. v. Marriott International, Inc.*, Case No. 3:19-cv-01715-JLS-AHG (S.D. Cal.).  The Clerk shall close the file in this matter.

**IT IS SO ORDERED.**

Dated: July 23, 2021

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California

4